| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge If Other than Assigned Judge | | |
| CASE NUMBER | 02 C 9253 | | DATE | 3/4/2004 |
| CASE TITLE | Herron vs. Winters | | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, petitioner Herron's petition for a writ of habeas corpus pursuant to 28 U.S.C. sect. 2254 is denied and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 5 2004 date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/4/2004 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE HERRON, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 02 C 9253 |
| KEVIN WINTERS, | ) | Magistrate Judge Mason |
| Respondent. | ) | |

**DOCKETED MAR 0 5 2004**

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Petitioner Dwayne Herron ("Herron") is in the custody of Respondent, Kevin Winters, Warden of the Western Illinois Correctional Center. Following a January 10, 2000 bench trial in the Circuit Court of Cook County, Herron was convicted of home invasion, attempted armed robbery, and unlawful restraint. The Circuit Court sentenced him to concurrent fifteen year prison terms. Herron unsuccessfully pursued a direct appeal and sought collateral relief from the Illinois courts. This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 followed. For the reasons stated below, Herron's petition is denied.

*Factual Background*

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are true. *28 U.S.C. § 2254(e)(1); Todd v. Schomig, 283 F.3d 842, 846 (7th Cir. 2002).* Thus, we adopt the state court's recitation of the facts.

21.

Around 11:00 a.m. on July 11, 1998, Herron and his co-defendant, Victor Bostick ("Bostick"), were sighted in an apartment building at 5120 South Hermitage. While there, the two men entered Marlese Glenn's ("Glenn") first floor apartment wearing masks and demanded money. At gunpoint, Herron ordered Pamela Henry ("Henry") from Glenn's kitchen to her living room and attempted to restrain her with an iron cord. Meanwhile, Bostick put a gun to Glenn's head, demanded money, and lead her upstairs to the apartment of her cousin, Janice Glenn ("Janice"). On their way to Janice's apartment, Bostick and Glenn passed Janice's neighbor, Lashanda Lawson ("Lawson"). Herron held Henry in Glenn's apartment until Glenn's fiancé, Richard Harris ("Harris"), came to the apartment door. At that time, Herron went upstairs to warn Bostick and the two men fled in a teal colored Dodge Intrepid. Both Janice and Harris saw the men get into the Intrepid.

About a month later, Harris saw Herron driving a teal colored Dodge Intrepid. Harris recognized Herron as being one of the two masked men from the July 11, 1998 incident at Glenn's apartment, and recorded the Intrepid's license number. Harris then reported this information to the police. Subsequently, Herron was taken into custody and charged in connection with the July 11th home invasion and attempted robbery. While in custody, Herron admitted to Detective Nowakowski that he was at 5120 South Hermitage at the time of the incident and had a friend waiting for him in a "blue" Dodge Intrepid.

**Procedural History**

On January 10, 2000, after a bench trial, Herron was convicted of home invasion, attempted armed robbery and unlawful restraint. On February 4, 2000, prior

to his sentencing, Herron filed a post-conviction petition alleging ineffective assistance of trial counsel, which he later abandoned. On March 24, 2000, Herron was sentenced to two concurrent fifteen year prison terms for the home invasion and attempted armed robbery convictions.

Herron timely filed a direct appeal to the Illinois Appellate Court, First District. In his appeal, Heron claimed (1) there was insufficient evidence to support his conviction, (2) his trial counsel was ineffective because he did not move to dismiss the case based on a violation of the Illinois Speedy Trial Act ("ISTA"), and (3) his trial counsel was ineffective because he did not object to admitting other crimes into evidence. On January 24, 2002, the Appellate Court denied Herron's appeal, affirming his conviction and sentence. The Appellate Court found that (1) a rational trier of fact could have convicted Herron, (2) his counsel's failure to file a motion to dismiss based on a violation of the ISTA did not constitute ineffective assistance of counsel because any alleged delays were attributable to Herron, and (3) his counsel's failure to object to the admission of other crimes did not constitute ineffective assistance of counsel.

Thereafter, Herron filed a petition for leave to appeal with the Illinois Supreme Court claiming (1) insufficient evidence to support a conviction, and (2) a violation of the ISTA. His petition was denied on May 30, 2002. After exhausting his state court remedies, Herron filed the instant *pro se* petition for writ of habeas corpus alleging: (1) insufficient evidence to sustain a conviction, and (2) ineffective assistance of trial counsel for failure to move to dismiss the case for violation of his right to a speedy trial.

3

**Legal Analysis**

*Exhaustion and Procedural Default*

Herron's *pro se* writ of habeas corpus states two grounds for appeal: (1) insufficient evidence to sustain a conviction and (2) ineffective assistance of trial counsel for not moving to dismiss the case for violation of his right to a speedy trial. However, viewing this *pro se* petition liberally, as we must do, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), Herron actually provides three grounds for appeal. Herron's second claim can be viewed as two separate bases for appeal, one for ineffective assistance of counsel, and one for violation of his right to a speedy trial.

Before reaching the merits of Herron's federal habeas claims, we must consider whether Herron has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig, 294 F.3d 907, 914-15 (7th Cir. 2002).* State remedies are exhausted when they are presented to the state's highest court on the merits, or when no means of pursuing review remain available. *O'Sullivan, 526 U.S. at 843; 28 U.S.C. § 2254(c).* Herron filed a petition for leave to appeal in both his direct and collateral appeals, therefore, exhausting his state court remedies.

Next, we address whether Herron has procedurally defaulted on any of the grounds for appeal in his habeas petition. To avoid procedural default on an appellate issue, a petitioner must have given the state courts a full and fair opportunity to analyze each of his federal claims before he presents them to a federal court. *See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).*

Herron's claims of ineffective assistance of counsel and a violation of his right to

4

a speedy trial have been procedurally defaulted. While Herron presented his ineffective assistance of counsel claim to the Illinois Appellate Court, he failed to raise the issue in his petition for leave to appeal to the Illinois Supreme Court. Because Herron did not raise the issue with the Illinois Supreme Court, he did not provide the state courts with a full and fair opportunity to decide the issue and it is procedurally defaulted. See Boerckel, 526 U.S. at 843.

Herron's speedy trial violation claim is also procedurally defaulted. Although Herron raised this issue on appeal all the way up to the Illinois Supreme Court, Herron's state court appeals were based on a violation of the ISTA, 725 ILCS 5/103(e), a strictly state law claim. "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). Consequently, any alleged violation of the ISTA is not grounds to issue a writ of habeas corpus and is defaulted. Id.

Presumably understanding this well established legal doctrine, Herron attempts to morph his alleged state law violation into an alleged federal violation for the purposes of his habeas petition. This cannot be allowed. For the first time in his habeas petition, Herron raises a Constitutional speedy trial claim. Because this argument was not raised before the state courts, they were not able to fully and fairly address the issue, and it is defaulted. U.S. v. Spivey, 2000 U.S. Dist. LEXIS 962 at *9 (N.D.Ill. 2000).

There are two exceptions to procedural default, but they are not applicable in this case. The court is permitted to address the merits of a procedurally defaulted claim if the petitioner can show (1) cause for the default and prejudice attributable thereto or (2)

that the default will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). To establish a fundamental miscarriage of justice, the petitioner must show that the constitutional violation has probably resulted in the conviction of a person who is innocent. *Id.* at 323. Herron makes no argument to overcome his default. Therefore, we are barred from considering his claims for ineffective assistance of counsel and a violation of his right to a speedy trial.

*Insufficient Evidence Claim*

Now we address the merits of Herron's sole remaining ground for appeal, insufficient evidence to sustain his conviction. After the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendment to 28 U.S.C. § 2254, a habeas petitioner is entitled to a writ of habeas corpus only if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). The AEDPA also provides for a writ if the state court decision was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2) In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

To meet the "unreasonable application" requirement in 28 U.S.C. § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of each case.)

Janice, Henry, Lawson, and Harris testified about the incidents surrounding the home invasion and attempted armed robbery on July 11, 1998.[1] Lawson's testimony placed Herron in the apartment building with another man around the time of the crime. Janice's testimony placed Bostick as the masked man who entered her apartment on July 11, 1998 holding a gun to Glenn's head. Janice's testimony also placed Bostick and another masked man fleeing to a teal Dodge Intrepid at that time. Harris' testimony identified Herron and Bostick as the masked men and leaving the scene in the teal Dodge Intrepid. Moreover, Sergeant Nowakowski's testimony placed Herron at the scene with a second man and driving a Dodge Intrepid.

The trial court found that the testimony of Janice, Harris and Lawson intertwined

---

[1] At the time of trial, Glenn could not testify because she was deceased.

to make a cohesive account of what occurred on July 11, and that their testimony was corroborated by the statements of Herron and Bostick. It found that this evidence was sufficient to convict Herron. The Appellate Court recounted the facts and found that this evidence, when viewed in the light most favorable to the State, was enough to establish Herron's guilt.

As stated above, §2254 relief is only appropriate if the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. §2254(d)(1) & (2). In its decision affirming Herron's conviction, the Illinois Appellate Court correctly summarized this appellate standard of review. Specifically, the court evaluated the evidence in the light most favorable to the State to determine if a rational trier of fact could have found Herron guilty beyond a reasonable doubt. It then outlined the evidence supporting Herron's conviction, finding that the evidence did support the trial court's decision.

We find that the Illinois Appellate Court's decision was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. §2254(d)(1). The relevant standard for appellate review is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Supreme Court held that a conviction must stand if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318. Although the Illinois Appellate Court did not cite *Jackson*, it cited to an Illinois Supreme Court case that cited to Jackson. The Illinois Appellate Court applied

8

this rule to assess whether sufficient evidence supported Herron's conviction, and this satisfies the AEDPA. *See Early v. Packer*, 537 U.S. 3,_, 123 S.Ct. 362, 365 (2002).

We also find that the state court decision was not based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. §2254(d)(2). Although the State's case was based on circumstantial evidence, viewing the evidence in the light most favorable to the State, we cannot find that a rational trier could not have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. We also do not find extraordinary circumstances that would warrant a reevaluation of the trial testimony to examine motives and other measures of reliability. *U.S. v. Garner*, 837 F.2d 1404 (7th Cir. 1987). Accordingly, Herron is not entitled to relief under §2254 because the state court's decision is a reasonable application of the controlling law to the facts of the case.

**Conclusion**

For the reasons set forth above, Petitioner Herron's petition for a writ of habeas corpus is dismissed. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 4, 2004

9